UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IRA P. LEWIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Civil Action No. 12-1982 (PLF) |
| TOM VILSACK, Secretary, United States Department of Agriculture, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

MEMORANDUM OPINION

Plaintiff Ira P. Lewis, proceeding *pro se* and *in forma pauperis*, filed the complaint in this case in December 2012. The complaint lists as defendants "U.S.D.A. Agriculture Secretary Tom Vilsack," "Lawmakers," "Congress," and "Government." See Compl. at 1. Summons have not yet been issued or served on any defendant. The Court will not order summons to be served but will instead dismiss Mr. Lewis' complaint *sua sponte*, because it is virtually identical to a complaint that the Court recently dismissed in a different action.

Mr. Lewis' forty-five page complaint consists of a few handwritten pages interspersed with photocopied pages of news articles and official records that have been annotated or underlined. In substance, the complaint is identical to the one submitted by the plaintiffs in Shade v. Congress, Civil Action No. 12-1774 (D.D.C.). One of the photocopied documents included within Mr. Lewis' complaint is a letter sent to Mr. Albert Shade, the plaintiff who prepared the complaint in the other case. See Compl. at 9.[1] Also included within

---

[1] Page numbers for Mr. Lewis' complaint refer to the page numbers generated by the Court's ECF filing system.

Mr. Lewis' complaint is a page from the record of Mr. Shade's adjudication in the non-judicial claims resolution process established by the Consent Decree in Pigford v. Glickman, Civil Action No. 97-1978 (D.D.C.). In the signature line of this page, however, Mr. Shade's name has been erased and replaced by Mr. Lewis' name. Compare Compl. at 13, Lewis v. Vilsack, with Compl. at 10, Shade v. Congress. Mr. Lewis' complaint also includes pages from a retainer agreement between Mr. Lewis and counsel, see Compl. at 5-6, and documentary evidence of Mr. Lewis' unsuccessful attempt to participate in the claims resolution process established by the Settlement Agreement in In re Black Farmers Discrimination Litigation, Misc. No. 08-0511 (D.D.C.). See Compl. at 4. Most of the remainder of Mr. Lewis' complaint consists of pages identical to those from the complaint in Shade v. Congress.

Like the complaint in the Shade case which it closely resembles, Mr. Lewis' complaint is nearly impossible to understand, but it asserts (as did Mr. Shade's complaint) that the plaintiff is bringing a "discrimination-bias, racism action" against the defendants, who allegedly "are causing up to the present pain suffering [and] mental anguish to plaintiff due to this black farmer's ordeal." Compl. at 2. The complaint also appears to allege that Mr. Lewis was denied a farm loan for discriminatory reasons by the United States Department of Agriculture ("USDA") in 1982 in Barbour County, Alabama, see Compl. at 19, just as Mr. Shade appeared to allege about himself in his own case. In fact, one of the handwritten pages of Mr. Lewis' complaint — setting forth what he allegedly was told by the USDA representative who denied his loan — is a photocopy of a page from Mr. Shade's complaint, with Mr. Shade's name replaced by Mr. Lewis' name. Compare Compl. at 20, Lewis v. Vilsack, with Compl., Ex. 1, at 43 [Dkt. No. 1-8], Shade v. Congress. No other specific allegations relating to any defendant are discernible in the complaint.

In dismissing the complaint in Shade v. Congress upon motion by the defendants, the Court summarized several independent reasons why the complaint had to be dismissed:

> The United States is shielded from this lawsuit by sovereign immunity, and the two Congressional defendants by the Speech and Debate Clause of the United States Constitution. Furthermore, the plaintiffs have not alleged any injury sufficiently concrete or traceable to conduct by the United States, Congress, or the House of Representatives to provide standing to sue those defendants, nor have the plaintiffs offered any allegations specific enough to state a plausible claim against them. The only potentially discernible claim presented in [the complaint] — an allegation of racially biased credit discrimination by USDA in 1982 — is barred by the applicable statute of limitations and the Consent Decree in Pigford v. Glickman.

Memorandum Opinion at 5-6, Shade v. Congress (D.D.C. Apr. 19, 2013); see id. at 6-9 (explaining the reasons for the dismissal at greater length). Mr. Lewis' complaint must be dismissed for the same reasons, as it suffers from the same deficiencies as Mr. Shade's complaint and is, despite some differences, essentially the same complaint. As in the Shade case, the complaint here has no plausible basis in law or fact, and the plaintiff cannot possibly win relief based on this complaint. Therefore, Mr. Lewis' complaint will be dismissed in its entirety. An Order consistent with this Memorandum Opinion will issue this same day.

SO ORDERED.

/s/_____  
PAUL L. FRIEDMAN  
DATE: April 22, 2013                United States District Judge